IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODRICK MAURICE BRAYBOY,** **Plaintiff** | : : : : : : : : | No. 3:24-CV-0009 (Judge Munley) |
| v. | | |
| **UNIT MANAGER HEENAN, et al.,** **Defendants** | | |

## MEMORANDUM

Plaintiff Rodrick Maurice Brayboy initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging an Eighth Amendment violation by a prison official at the State Correctional Institution, Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania. The court will dismiss Brayboy's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but will provide leave to amend.

## I. BACKGROUND

Brayboy alleges that on the morning of November 13, 2022, he was attacked—without provocation—by his cellmate. (See Doc. 1 at 4, 5). Brayboy asserts that his cellmate had "mental issues," was "paranoid," and was also a "karate expert." (Id.) According to Brayboy, the attack was serious and he had

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

to be taken to the hospital. (Id.) He suffered a fractured nose, two black eyes, swelling, and a lacerated lip. (Id.)

Although Brayboy's complaint is not entirely clear, it appears that he is contending that an SCI Mahanoy official failed to protect him from the attack. (See id. at 3). Brayboy sues "Unit Manager Heenan" and the Pennsylvania Department of Corrections (DOC). (Id. at 1, 2). He seeks compensatory and punitive damages. (Id. at 5). Brayboy, however, fails to state a claim upon which relief may be granted, so the court will dismiss his complaint.

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not

entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Brayboy proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Brayboy, is incarcerated. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

### III. DISCUSSION

Before addressing the sufficiency of Brayboy's complaint, the Court must identify the claimed constitutional violation or violations. See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); Graham v. Connor, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct). Brayboy cites the Eighth and Fourteenth Amendments and utilizes the

4

phrase "deliberate indifference." (See Doc. 1 at 3). Thus, as best the court can ascertain, Brayboy is asserting a failure-to-protect claim under the Eighth Amendment as applied to the states through the Fourteenth Amendment.[2] Brayboy's Section 1983 claim is deficient for multiple reasons.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison

---

[2] It is possible that Brayboy is also asserting a state-law negligence claim. (See Doc. 1 at 3). If so, Brayboy fails to allege sufficient facts to state a claim of negligence under Pennsylvania law for many of the same reasons he fails to state an Eighth Amendment claim.

5

officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Brayboy's complaint is completely silent as to the alleged action (or inaction) of Unit Manager Heenan. In fact, Heenan's name appears only in the caption and defendant-identification section of the form complaint. (See Doc. 1 at 1, 2). Simply put, Brayboy fails to allege that Heenan was involved in any unconstitutional conduct. Accordingly, the court must dismiss the Section 1983 claim against Heenan for lack of personal involvement.

### B.    Eighth Amendment Failure-to-Protect Claim

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (citation omitted), abrogated on other grounds by Mack v. Yost, 968 F.3d 311 (3d Cir. 2020). Prison officials, therefore, have "a duty to protect prisoners from violence at the hands of other prisoners." Id.

(alteration in original) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.

To establish an Eighth Amendment failure-to-protect claim against a prison official, the inmate must show that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm." Bistrian, 696 F.3d at 367. In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Id. (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001)). Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence." Id. (quoting Farmer, 511 U.S. at 842).

Brayboy's failure-to-protect claim against Heenan fails because he has not pled facts showing that Heenan was deliberately indifferent to a substantial risk to Brayboy's health or safety or that Heenan's deliberate indifference caused Brayboy's harm. Brayboy, in fact, has not alleged *any* facts regarding what Heenan did (or did not do) that purportedly violated Brayboy's Eighth

7

Amendment rights. Without any allegations showing deliberate indifference or causation, Brayboy's failure-to-protect claim against Heenan must be dismissed for failure to state a claim.

### C.    Claim Against the DOC

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (emphasis supplied) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983; state agencies such as the DOC do not qualify. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (noting that a state agency may not be sued under Section 1983 because it is not a "person"); Foye v. Wexford Health Sources Inc., 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

Brayboy cannot sue the DOC under Section 1983 because the DOC is not a "person" subject to Section 1983 liability. See Fischer, 474 F.2d at 992; Foye,

675 F. App'x at 215. Additionally, any claim against a state agency is akin to suing the state itself, and such claims for damages are barred by Eleventh Amendment sovereign immunity. See Harper v. Jeffries, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by Eleventh Amendment); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the state having no existence apart from the state."); Foye, 675 F. App'x at 215. Accordingly, any Section 1983 claim against the DOC will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. Any Section 1983 claim against the DOC will be dismissed with prejudice, as leave to amend would be futile. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

It is conceivable that Brayboy could amend his failure-to-protect claim against Unit Manager Heenan. If Brayboy chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Brayboy's failure-to-protect claim in short, concise, and plain statements, and in sequentially numbered paragraphs. Brayboy must address the pleading deficiencies identified in this Memorandum. He may not include claims that have been dismissed with prejudice. Brayboy must specify the offending actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought. He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2).

If Brayboy does not timely file an amended complaint, dismissal of his claims against Heenan will automatically convert to dismissal with prejudice and the court will close this case.

## IV.  CONCLUSION

Based on the foregoing, the Court will dismiss Brayboy's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief

may be granted. Limited leave to amend will be granted. An appropriate Order follows.

Date: 2/22/24

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court